# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENEVIEVE THOBY a/k/a JENNY THOBY,<br>    Plaintiff,<br><br>v.<br><br>CENTURY FINANCIAL SERVICES, INC. et al.,<br>    Defendants. | No. 3:18-cv-01404 (SRU) |

## RULING ON MOTION TO DISMISS

This case arises from an attempt to collect an unpaid bill that Jenevieve Thoby ("Thoby") purportedly owes Bridgeport Hospital. On May 21, 2018, Century Financial Services, Inc. ("CFS"), mailed a collection letter to Thoby seeking to collect $150.00 on behalf of their "Client" Bridgeport Hospital. Compl. (Doc. No. 1) ¶¶ 27–33; Ex. A (Collection Letter). The crux of Thoby's Complaint is that CFS's collection letter failed to comport with the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692 *et seq.*). Specifically, Thoby contends that the letter "deceptively fails to identify who the current creditor is to whom the alleged debt is owed." Compl. ¶ 28. Although the letter lists Bridgeport Hospital as "Our Client," Thoby alleges that the letter fails to expressly identify Bridgeport Hospital as the current creditor in violation of FDCPA §§ 1692e–g. *See id.* ¶¶ 34–48.

CFS moved to dismiss the Complaint on October 26, 2018. *See* Mot. to Dismiss (Doc. No. 12). CFS argues that Thoby's claims are without merit because (1) any alleged FDCPA violation lack materiality, (2) the letter sufficiently identified Bridgeport Hospital as the creditor to whom the debt is owed, and (3) her allegations do not amount to unfair or unconscionable conduct. In her Opposition (doc. no. 13), Thoby argues that CFS's letter violated the FDCPA

because the least-sophisticated-consumer would be unable to identify Bridgeport Hospital as the current creditor.

On February 28, 2019, I held a hearing on the Motion to Dismiss, at which I took the motion under advisement. *See* Doc. No. 18. After reviewing the parties' arguments, I conclude that Thoby fails to allege a material violation of the FDCPA. In addition, CFS's collection letter clearly and accurately discloses the identity of Thoby's creditor. Finally, Thoby fails to allege how CFS's conduct is "unfair" or "unconscionable" under the FDCPA. Therefore, I **grant** CFS's Motion to Dismiss.

**I.      Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

**II. Background**

On May 21, 2018, CFS mailed a letter to Thoby that included the following language in the upper right-hand corner:

> Our Client: Bridgeport Hospital
> For: JENNY THOBY
> Account #: XX5723
> **Account Balance: $150.00**

Compl.; Ex. A (Collection Letter). Directly below the opening caption, the letter stated:

> This communication is from a debt collector.
>
> The above account is seriously past due. The balance due has been placed with Century Financial Services, Inc. for collection.
>
> UNLESS YOU INTEND TO EXERCISE THE RIGHTS STATED BELOW, YOU ARE INSTRUCTED TO PAY THE AMOUNT DUE TO THIS OFFICE TO PREVENT FURTHER COLLECTION ACTIVITY.

*Id*.

On August 17, 2018, Thoby filed this action against CFS, claiming that CFS's collection letter was "deceptive." Compl. ¶ 33. In the Complaint, Count I alleges that the letter violated the FDCPA by "[m]aking a false and misleading representation in violation of §1692e (10)." *Id.* ¶ 37. Count II alleges that the letter violated the FDCPA by "unfairly failing to advise [Thoby]

3

as to the identity of the current creditor who was attempting to collect a debt from her" in violation of Section 1692f *et seq*. *Id.* ¶ 42. Lastly, Count III alleges that the letter violated Section 1692g because it failed to notify Thoby of the creditor to whom her debt was owed. *Id.* ¶¶ 46–48.

For the reasons stated below, I find that the Complaint fails to state a claim under the FDCPA.

## III. Discussion

### A. CFS's Alleged Violations are not Material Under the FDCPA.

CFS first argues that any alleged violation of the FDCPA lacked materiality because labeling Bridgeport Hospital as "Our Client" rather than "The Creditor" is not a material misrepresentation under the FCDPA. *See* Mot. to Dismiss at 4. To support its argument, CFS cites my ruling in *Walsh v. Law Offices of Howard Lee Schiff P.C.*, where I determined that:

> [t]he least-sophisticated-consumer standard does contain a materiality requirement. In my view, the requirement of materiality is in harmony with the dual purposes of the least-sophisticated-consumer standard: the need to protect unsuspecting consumers from unscrupulous debt collectors and the need to ensure that debt collectors are not held liable for unreasonable misinterpretations . . . . [I]mmaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions concerning an alleged debt. Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest under the FDCPA and only increases the cost of credit by subjecting debt collectors to frivolous claims. Thus, an alleged false or misleading statement is not actionable under section 1692e unless the statement is "material," meaning that the statement would influence a consumer's decision or ability to pay or challenge a debt.

2012 U.S. Dist. LEXIS 136408, *13–15 (D. Conn. Sept. 24, 2012) (internal citations and quotations omitted).[1] The Second Circuit cited my *Walsh* ruling in *Gabriele v. Am. Home*

---

[1] In *Walsh*, I applied the materiality standard to statements made by opposing counsel in an action where Walsh defended herself *pro-se* against a debt collection action by Discover Bank involving over $15,000 in credit card debt. According to Walsh, opposing counsel "made multiple false, deceptive, and/or misleading representations in the course of litigating the Action and used unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt." *Walsh*, 2012 U.S. Dist. LEXIS 136408, *3. Because the alleged statements occurred in

4

*Mortg. Servicing, Inc.*, and held that plaintiffs in a debt collection action did not violate the FDCPA when they forgot to forward the defendant an exhibit, filed two motions for default when the defendant appeared, and allegedly filed false affidavits. *See* 503 F. App'x 89, 92–94 (2d Cir. 2012). "Ultimately, Gabriele's allegations are more akin to those in cases such as *Donohue*, 592 F.3d 1027, *Miller*, 561 F.3d 588, and *Walsh* [], in which the courts determined that the alleged misstatements in court filings amounted to 'mere technical falsehoods that misle[d] no one.'" *Id.* at 95 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

Here, CFS argues that "[a]ssuming *arguendo* that identifying Bridgeport Hospital as the 'client' and not the 'creditor' was sufficient to trigger §1692e . . . any such violation would not be material because Ms. Thoby was able to identify who the debt was owed to, an amount due and an account number to reference in the event she intended to file a dispute - which she did not." Mot. to Dismiss at 5.

In response, Thoby argues that CFS's collection letter is "confusing and misleading to the least sophisticated consumer to fail to properly identify the current creditor in a collection letter because the consumer cannot decipher the relationship between the debt collector and its unidentified client." Opp. to Mot. to Dismiss at 5. Thoby cites *McGinty and Paskiewicz v. Prof'l. Claims Bureau, Inc.*, where the court noted that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. §1692g(a)(2)." 2016 U.S. Dist. LEXIS 143627, *11 (E.D.N.Y. Oct. 17, 2016). In *McGinty* the defendant sent a letter to the plaintiff which included the following caption in the upper right-hand corner:

> Re: ST CATHERINE OF SIENNA
> Patient Name: CRYSTAL PASKIEWICZ

---

the context of on-going litigation and did not relate to the validity of the underling debt, I ruled that the statements fell outside of the reach of Section 1692e because they were not material. *See id.* at 19–23.

> Service Date: 06/03/13
> Re: NJSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC SURGERY
> Patient Name: KERRI LYNN MCGINTY
> Service Date: 01/30/2014

*Id.* at *2–3. The court found for the plaintiffs, ruling that:

> [t]he Collection Letters do not support an inference that the Medical Providers are Plaintiffs' current creditors because they neither identify the Medical Providers as PCB's clients, nor state that PCB is collecting the debts on their behalf . . . . Rather, the Collection Letters state that Plaintiffs' debts have "been referred to [PCB's] offices for collection," which is insufficient to satisfy Section 1692g(a)(2).

*Id.* at *13 (internal citations omitted).

Thoby also cites *Beltrez v. Credit Collection Services, Inc.,* where the court declined to hold as a matter of law that an alleged FDCPA violation was not material, when the letter read "REGARDING: VERIZON" instead of specifying which "Verizon" entity the debt was owed. 2015 U.S. Dist. LEXIS 160161, *2 (E.D.N.Y. Nov. 25, 2015).

Thoby's reliance on *McGinty* is unavailing. In that case, the court noted that "PCB's Collection Letters fail to explicitly *or implicitly* identify Plaintiffs' current creditors and are therefore insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." 2016 U.S. Dist. LEXIS 143627, *10 (emphasis added). The defendant did not dispute that their collection letters failed to "explicitly identify the Medical Providers using terminology such as 'creditor,' 'account owner,' [or] 'original creditor.'" *Id.* (internal citations omitted). In addition, the *McGinty* court noted that the collection letter failed in part because it did not "identify the Medical Providers *as PCB's clients*, nor state that PCB is collecting the debts on their behalf." *Id.* at *3 (emphasis added).

Unlike the letters at issue in *McGinty*, CFS's letter here implicitly identifies Bridgeport Hospital as the current creditor by referring to Bridgeport Hospital as "Our Client" in the upper-right hand corner. Compl.; Ex. A (Collection Letter). The caption also expressly identifies Thoby as the account owner, lists the accompanying account number, and prominently displays

6

the account balance that is due. *Id*. In the following lines, the letter states that "The [i.e. Thoby's] above account is seriously past due," and directly links Thoby's account to the creditor Bridgeport Hospital by clearly stating that "[t]he balance due [to Our Client: Bridgeport Hospital] has been placed with Century Financial Services, Inc. for collection." *See id*. Based on the letter's unambiguous language, the "least sophisticated consumer" would have known that CFS was attempting to collect $150 debt owed to Bridgeport Hospital, its "Client."

CFS's letter closely resembles the defendant's collection letter in *Wright v. Phillips & Cohen Assocs.*, where the defendant's letter listed "PAG" as its "Client," rather than "creditor." 2014 U.S. Dist. LEXIS 126804, *2 (E.D.N.Y. Sept. 10, 2014). In *Wright*, the court granted the defendant's motion to dismiss.

> Although Defendant included the name of the current creditor, PAG, next to the label "Client," rather than explicitly stating that PAG is the current creditor, any confusion such a label may have caused was alleviated by Defendant's plain statement that the debt Defendant intended to collect was "on behalf of our above referenced client." The least sophisticated consumer would have known, after reading the entirety of the letter, that Defendant sought to collect a debt on behalf of PAG, and that PAG was, therefore, the current creditor to whom he owed his debt. Plaintiff's claim pursuant to 15 U.S.C. § 1692g(a)(2) is therefore dismissed.

*Id.* at *12 (internal citations omitted). Although CFS's letter is not identical to the letter in *Wright*,[2] when read in its entirety, it is clear that CFS sought to collect a debt on behalf of its "client" Bridgeport Hospital, and that Bridgeport Hospital was the current creditor to whom the debt was owed. *See* Compl.; Ex. A (Collection Letter).

Thoby's reliance on *Beltrez* is slightly more convincing. In that case, the court declined to hold as a matter of law that a collection letter that identified the creditor as "REGARDING: VERIZON" was not a material violation because "there are, for example, 37 entities registered

---

[2] Unlike the collection letter in *Wright*, the CFS letter does not expressly state that CFS is collecting "on behalf of our above referenced client." *See id*. at *12. Rather, CFS states "the above account is seriously past due. The balance due has been placed with [CFS] for collection." Compl.; Ex. A (Collection Letter).

with the [State of NY], that begin their legal name with 'Verizon' . . . . The Court cannot say, at this early stage of the litigation, that the least sophisticated debtor would not be confused by the Notice as a matter of law." 2015 U.S. Dist. LEXIS 160161, *2.

Although not expressly presented by Thoby, there is an argument that the least sophisticated consumer would be confused by the lack of specificity in listing "Bridgeport Hospital" as CFS's "Client." From the text of the letter, is it unclear exactly what the debt is for, or to which department of Bridgeport Hospital the debt is owed. That argument, however, is neither in Thoby's Complaint nor her Opposition. Instead, Thoby asserts that listing Bridgeport Hospital as a "Client" rather than a "Creditor," was (1) a false and misleading representation in violation of Section 1692e (10), (2) unfairly failed to advise Thoby of the identity of the current creditor in violation of Section 1692f, and (3) unfairly failed to advise Thoby of the identity of the creditor in violation of Section 1692g(a)(2).

Based on the foregoing, I find that any alleged violation of the FDCPA is not material. Although CFS's collection letter failed to expressly state that Bridgeport Hospital was Thoby's "creditor," courts "have not required 'magic words' or specific phrases to meet the strictures of 1692e." *Taylor v. MRS BPO, LLC*, 2017 U.S. Dist. LEXIS 103593, *7 (E.D.N.Y. July 5, 2017) (internal citations omitted). "[T]here simply is no requirement that [a collection] letter quote verbatim the language of the statute" as Thoby's Complaint suggests. *See id.* Because CFS's letter contained a technical defect that had no bearing on the underlying debt, Thoby's claims lack materiality and are not actionable under the FDCPA.

B. <u>CFS's Letter Sufficiently Identified the Name of the Creditor to Whom the Debt is Owed.</u>

Similarly, CFS argues that Thoby's claims fail because the collection letter "clearly and accurately conveyed the name of the creditor, even if it was identified as the 'client,' Bridgeport

8

Hospital, which provided accurate information to the consumer about the creditor's identity." Mot. to Dismiss at 7.

CFS cites *Leonard v. Zwicker & Assocs., P.C.*, where the court noted that the primary inquiry is whether the collection letter named the creditor "clearly enough that the recipient is likely to understand it." 713 F. App'x 879, 882 (11th Cir. 2017) (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)). Based on the reasoning in *Wright*, *Taylor*, and *McGinty*, describing a creditor as a "client" of a debt collector does not offend the least sophisticated consumer standard. Therefore, CFS's letter sufficiently identified Bridgeport Hospital as the "creditor" pursuant to Sections 1692 (f ) and (g) of the FDCPA.

C. <u>Thoby Fails to Plead that CFS's Alleged Violation was Unconscionable.</u>

Third, CFS argues that Thoby's allegations do not amount to "unfair or unconscionable means to collect or attempt to collect debt" in violation of Section 1692f. Mot. to Dismiss at 5. CFS cites *Tsenes v. Trans-Cont'l Credit & Collection Corp*, where the court dismissed the plaintiff's complaint because it was "devoid of support for the contention that defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of . . . [the FDCPA]." 892 F. Supp. 461, 466 (E.D.N.Y. 1995).

In her Complaint, Thoby does not provide any factual allegations describing how CFS's actions were "unfair" or "unconscionable." To the contrary, she merely recites the language of the statute and offers the conclusory allegation that "[i]t is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer." Compl. ¶ 30. In fact, there are no facts asserted in the Complaint stating that Thoby was ever confused or even misled by CFS's letter. Therefore, she fails to plead that CFS's actions were "unfair" or "unconscionable."

## IV. Conclusion

For the reasons stated above, **I grant** CFS's Motion to Dismiss (doc. no. 12). The Clerk shall enter judgment in favor of the defendant and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 4th day of April 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge